IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANNY LEE CREAMER, | ) | CIVIL NO. 16-00648 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUAI; SCOTT BREDE, | ) | |
| in his official capacity and | ) | |
| ROY ASHER, in his official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING COUNTY OF KAUAI, SCOTT BREDE, IN HIS OFFICIAL CAPACITY, AND ROY ASHER, IN HIS OFFICIAL CAPACITY'S MOTION TO DISMISS COMPLAINT (ECF No. 13) WITH LEAVE TO AMEND**

Plaintiff Danny Lee Creamer, a former police officer with the Kauai Police Department, filed a complaint against the County of Kauai, Lieutenant Scott Brede, and Assistant Chief Roy Asher of the Kauai Police Department.

Plaintiff's pleading is a form complaint. It contains bare bones allegations and limited information. Construed liberally, Plaintiff's Complaint alleges that Defendants discriminated against him on the basis of his race, color, age, and disability.

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Complaint is insufficient in its present form to state a claim upon which relief may be granted.

Defendants' Motion to Dismiss (ECF No. 13) is **GRANTED WITH LEAVE TO AMEND.**

## PROCEDURAL HISTORY

On December 6, 2016, Plaintiff Danny Lee Creamer filed a COMPLAINT FOR EMPLOYMENT DISCRIMINATION. (ECF No. 1).

On June 1, 2017, Defendants filed a pleading entitled DEFENDANTS COUNTY OF KAUA'I, SCOTT BREDE, IN HIS OFFICIAL CAPACITY, AND ROY ASHER, IN HIS OFFICIAL CAPACITY'S MOTION TO DISMISS COMPLAINT FILED ON DECEMBER 6, 2016. (ECF No. 13).

On September 11, 2017, Plaintiff filed an OPPOSITION. (ECF No. 23).

On September 26, 2017, Defendants filed a REPLY. (ECF No. 24).

The court elected to decide the Motion without a hearing pursuant to Local Rule 7.2(d). (ECF No. 14).

## BACKGROUND

Plaintiff Danny Lee Creamer was a police officer with the Kauai Police Department from 1990-2014. (Complaint at ¶¶ IC, IIIE, ECF No. 1). Plaintiff is an African American male born in 1956. (Id. at ¶ IIID). Plaintiff alleges that he is disabled due to occupational and mental disorders which led to intense headaches, stomach problems and loss of sleep and appetite. (Id.) Plaintiff states that he "developed physical symptoms in body areas which were not normal functioning." (Id. at ¶ IIIE).

Plaintiff states that he was diagnosed by his doctor and a doctor chosen by the Police Department. (Exhibit A, attached to

Complaint at ¶ 8, ECF No. 1-1).

Plaintiff claims that discriminatory acts based on his race, color, age, and disability occurred on April 17, 2014, May 20, 2014, and December 6, 2016.  (Complaint at ¶ IIIC, ECF No. 1).

Plaintiff struggled with a new reporting system.  (<u>Id.</u> at ¶ IIIE).  Plaintiff reported his difficulties with the new system.  (<u>Id.</u>)  Plaintiff alleges unspecified disciplinary actions taken against him.  (<u>Id.</u>)

Plaintiff states that when he became ill and was unable to return to work, he was denied medical treatment.  (Exhibit A, attached to Complaint at ¶ 5, ECF No. 1-1).  Plaintiff alleges that Lieutenant Brede's unspecified acts led to him feeling ashamed, embarrassed, and humiliated.  (<u>Id.</u> at ¶ 6).  Plaintiff states that due to his age, he was not given "due process of chain of command forewarning [sic] that reports or work was inefficient" by his immediate supervisor.  (<u>Id.</u> at ¶¶ 7, 9).

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits dismissal of a complaint that fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir.2001); <u>Campanelli v. Bockrath</u>, 100 F.3d 1476, 1479 (9th Cir.1996).  Courts may also "consider certain materials—documents attached to the complaint, documents incorporated by reference in

the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity is not questioned by any party may also be considered in ruling on a Rule 12(b)(6) motion to dismiss. See Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). If a court converts a motion to dismiss into a motion for summary judgment, the court must give the parties notice and a reasonable opportunity to supplement the record. Bank Melli Iran v. Pahlavi, 58 F.3d 1406, 1408 (9th Cir. 1995).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. See Sprewell, 266 F.3d at 988; Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology, 228 F.3d 1043, 1049 (9th Cir. 2000); In re Syntex Corp. Sec. Litig., 95 F.3d 922, 926 (9th Cir. 1996). Moreover, the court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell,

266 F.3d at 988.

In summary, to survive a Rule 12(b)(6) motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations ... a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). Dismissal is appropriate under Rule 12(b)(6) if the facts alleged do not state a claim that is "plausible on its face." Id. at 570. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " Id. (quoting Fed.R.Civ.P. 8(a)(2)).

**<u>ANALYSIS</u>**

Plaintiff is appearing pro se. The Court liberally construes Plaintiff's filings. <u>See</u> <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Eldridge v. Block</u>, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing <u>Boag v. MacDougall</u>, 454 U.S. 364, 365 (1982) (per curiam)). The Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995); <u>see</u> <u>also</u> <u>Crowley v. Bannister</u>, 734 F.3d 967, 977–78 (9th Cir. 2013). A court may, however, deny leave to amend where further amendment would be futile.

Plaintiff's Complaint alleges four causes of action:

First, Plaintiff claims that he was discriminated against on the basis of his race and color in violation of Title VII of the Civil Rights Act of 1964.

Second, Plaintiff claims that he was discriminated against on the basis of his age in violation of the Age Discrimination in Employment Act.

Third, Plaintiff claims that he was discriminated against on the basis of disability in violation of the Americans With Disabilities Act.

Fourth, Plaintiff claims that he was retaliated against for complaining of discrimination based on his race, color, age, and disability. (Complaint at pp. 4-6, ECF No. 1). Plaintiff also seeks punitive damages. (Id. at p. 7).

## I. Plaintiff's Claims Against Individuals

Plaintiff's claims under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act asserted against Defendants Scott Brede and Roy Asher in their official capacities duplicate the claims asserted against the County of Kauai.

Plaintiff's claims against Defendant Scott Brede and Roy Asher in their official capacities are construed as claims against the County of Kauai.

To the extent that Plaintiff asserts Claims against Brede and in Asher in their individual capacities, they are dismissed. Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act do not provide for personal liability against individuals. Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993)(no individual liability under Title VII or the Age Discrimination in Employment Act); Walsh v. Nevada Dep't of Human Res., 471 F.3d 1033, 1038 (9th Cir. 2006)(no individual liability under the Americans with Disabilities Act).

Plaintiff's claims against Defendants Lieutenant Scott Brede and Assistant Chief Roy Asher are **DISMISSED WITH PREJUDICE.**

**II. Plaintiff's Claims Discrimination Based on His Race and Color**

Title VII of the Civil Rights Act of 1964 provides, in relevant part:

> It shall be unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1) (2006).

A person suffers disparate treatment in his employment when he is singled out and treated less favorably than others similarly situated on account of race. See McGinest v. GTE Service Corp., 360 F.3d 1103, 1121 (9th Cir. 2004). To establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff must demonstrate that: (1) he belongs to a protected class; (2) he was performing his job satisfactorily; (3) he suffered an adverse employment action; and (4) similarly situated employees outside of his protected class were treated more favorably. See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing McDonnell Douglas Corp. V. Green, 411 U.S. 792, 802 (1973)).

The Ninth Circuit Court of Appeals in Starr v. Baca examined recent Supreme Court cases on pleadings, including those dealing with Title VII claims, and explained two principles relevant to analyzing the sufficiency of such pleadings:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not

8

> simply recite the elements of a cause of action, but
> must contain sufficient allegations of underlying facts
> to give fair notice and to enable the opposing party to
> defend itself effectively. Second, the factual
> allegations that are taken as true must plausibly
> suggest an entitlement to relief, such that it is not
> unfair to require the opposing party to be subjected to
> the expense of discovery and continued litigation.

652 F.3d 1202, 1216 (9th Cir. 2011); see also Heyer v. Governing

Bd. Of Mt. Diable Unified School Dist., 521 Fed. App'x. 599, 600

(9th Cir. 2013).

This Court must first analyze the four McDonnell Douglas

elements to determine whether a complaint sufficiently pleads

each element of the disparate treatment prima facie case and

provides enough factual allegations to plausibly infer each

element of the prima facie case.

Plaintiff has failed to establish a prima facie case of

discrimination based on the facts alleged in his Complaint.

Plaintiff has claimed that he is a member of a protected class.

(Complaint at ¶ IIID, ECF No. 1). Plaintiff has not put forth

any facts pertaining to his job performance, an adverse

employment action, or the treatment of similarly situated

employees outside of his protected class. Plaintiff's complaint

could be read to show that he was not satisfactorily performing

his job. He lists difficulties he had in utilization of a new

reporting system. (Id. at ¶ IIIE).

For the first time in his Opposition, Plaintiff alleges

facts related to his Title VII claims. (Plaintiff's Opposition

at pp. 8-9, ECF No. 23). Plaintiff is prohibited from making new

allegations for the first time in his opposition.  See Schneider
v. Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)
("In determining the propriety of a Rule 12(b)(6) dismissal, a
court may not look beyond the complaint to a plaintiff's moving
papers ....") (citations omitted); Clegg v. Cult Awareness
Network, 18 F.3d 752, 754 (9th Cir. 1994) (finding that for
purposes of a motion to dismiss, the court's review is limited to
the contents of the complaint).

Plaintiff's Title VII claim for race and color
discrimination is **DISMISSED WITH LEAVE TO AMEND.**

### III. Plaintiff's Claims Discrimination Based on His Age

The Age Discrimination in Employment Act ("ADEA") prohibits
discrimination based on age.  29 U.S.C. § 623(a)(1) ("It shall be
unlawful for an employer to ... discriminate against any
individual with respect to his compensation, terms, conditions,
or privileges of employment, because of such individual's age").
The prohibition is "limited to individuals who are at least 40
years of age."  Id. § 631(a).

Under a "disparate treatment" theory of discrimination, a
plaintiff in an ADEA case can establish age discrimination based
on: (1) "circumstantial evidence" of age discrimination; or (2)
"direct evidence" of age discrimination.  Sheppard v. David Evans
& Assoc., 694 F.3d 1045, 1049-50 (9th Cir. 2012) (citing Diaz v.
Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008)
(discussing circumstantial evidence of age discrimination); Enlow

10

v. Salem–Keizer Yellow Cab Co., Inc., 389 F.3d 802, 811 (9th Cir. 2004) (discussing direct evidence of age discrimination)).

Claims of age discrimination based on circumstantial evidence are analyzed under the "three-stage burden shifting framework laid out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)." Diaz, 521 F.3d at 1207. Under the McDonnell Douglas framework:

> [T]he employee must first establish a prima facie case of age discrimination. If the employee has justified a presumption of discrimination, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for its adverse employment action. If the employer satisfies its burden, the employee must then prove that the reason advanced by the employer constitutes mere pretext for unlawful discrimination.

Diaz, 521 F.3d at 1207. To establish a prima facie case of discrimination, a plaintiff must allege in his complaint that: (1) he was at least forty years old; (2) he was performing his job satisfactorily; (3) there was an adverse employment action; and (4) he was "either replaced by [a] substantially younger [employee] with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination." Id. (internal quotation marks omitted). "An inference of discrimination can be established by showing the employer had a continuing need for the employee['s] skills and services in that their various duties were still being performed ... or by showing that others not in their protected class were treated more favorably." Id. at 1207–08 (internal marks and quotation marks omitted).

Plaintiff has not stated a claim for age discrimination. Plaintiff states that he is over 40 years old. (Complaint at ¶ IIID, ECF No. 1). It is unclear what adverse employment action Plaintiff is alleging. In his complaint Plaintiff states that due to his age, he was not given "due process of chain of command forewarning [sic] that reports or work was inefficient" by his immediate supervisor. (Exhibit A, attached to Complaint at ¶¶ 7, 9, ECF No. 1-1). Construing Plaintiff's Complaint liberally, Plaintiff may be alleging that he was reprimanded or written up by his supervisor. Plaintiff does not claim that this has materially affected the compensation, terms, conditions, or privileges of his employment. Being "written up," without more, does not necessarily constitute an adverse employment action. See, e.g., Lloyd v.. Swifty Transp., Inc., 552 F.3d 594, 602 (7th Cir.2009) ("[W]ritten reprimands without any changes in the terms or conditions of [ ] employment are not adverse employment actions."); Lambdin v. Marriott Resorts Hosp. Corp., No. CIV. 14-00345 SOM, 2015 WL 263569, at *3 (D.Haw. Jan. 21, 2015).

Even if Plaintiff's allegations did state an adverse employment action, Plaintiff has not pled that he was performing his job satisfactorily or that he was replaced by a substantially younger employee with equal or inferior qualifications.

Plaintiff again raises claims related to his age discrimination cause of action for the first time in his Opposition. (Plaintiff's Opposition at pp. 9-10, ECF No. 23). Plaintiff may not allege new facts for the first time in his

12

opposition.  See Schneider, 151 F.3d at 1197 n.1; Clegg, 18 F.3d
at 754.

Plaintiff's claim for age discrimination pursuant to the Age
Discrimination in Employment Act is **DISMISSED WITH LEAVE TO
AMEND**.

## IV. Plaintiff's Americans With Disabilities Act Claims

Title I of the Americans with Disabilities Act ("ADA"), 42
U.S.C. § 12112(a), prohibits an employer from discriminating
"against a qualified individual with a disability because of the
disability of such individual in regard to job application
procedures, the hiring, advancement, or discharge of employees,
employee compensation, job training, and other terms, conditions,
and privileges of employment."  42 U.S.C. § 12112(a).

The Court applies the burden-shifting analysis derived from
McDonnell Douglas to claims of discrimination on account of a
disability.  411 U.S. 792; Raytheon Co. v. Hernandez, 540 U.S.
44, 49-50 (2003).

Under the burden-shifting analysis, the employee must first
establish a prima facie disability discrimination claim. Raytheon
Co., 540 U.S. at 49 n.3.  The employee must allege that:

(1) he was "disabled" within the meaning of the ADA
statute;

(2) he was a "qualified individual," meaning he was
able to perform the essential functions of his job,
either with or without reasonable accommodations at the
time of his disability; and,

13

(3) he suffered an adverse employment action "because of" his disability.

Hutton v. Elf Atochem North Am., Inc., 273 F.3d 884, 891 (9th Cir. 2001).

"An employer discriminates against a qualified individual with a disability by 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer].'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1089 (9th Cir. 2002) (quoting 42 U.S.C. § 12112(b)(5)(A) (emphasis added)); see Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) ("Because the ADA was modeled on section 504 of the Rehabilitation Act, "courts have applied the same analysis to claims brought under both statutes.").

Once again, Plaintiff alleges facts related to his disability discrimination claims for the first time in his Opposition. (Plaintiff's Opposition at p. 10, ECF No. 23). Plaintiff may not allege new facts for the first time in his Opposition. See Schneider, 151 F.3d at 1197 n.1; Clegg, 18 F.3d at 754.

## 1. Disability Under the Americans with Disabilities Act

The Americans with Disabilities Act defines disability with

respect to an individual as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such impairment; or (C) being regarding as having such an impairment." 42 U.S.C. § 12102(1).

In 2008, Congress adopted the ADA Amendments Act, in order to clarify that the intention of the Americans with Disabilities Act is to provide a broad scope of protection and to expressly reject the more stringent standards set forth in Sutton v. United Air Lines, 527 U.S. 471 (1999); Pub. L. No. 110-325, 122 Stat. 3553 (2008).

Plaintiff has not alleged facts to state a claim for disability discrimination. Plaintiff claims that he is disabled due to "occupational and mental disorders which lead to intense [sic] headaches, stomach problems [sic] [and] loss of sleep and appetite." (Complaint at IIID, ECF No. 1). Plaintiff states that he "developed physical symptoms in body areas which were not normal functioning." (Id. at IIIE). Plaintiff alleges that he was diagnosed by his own doctor, as well as a doctor of the Police Department's choice, but does not state the result of these diagnoses. (Exhibit A, attached to Complaint at 8, ECF No. 1-1). Even under the liberal pro se pleading standard, Plaintiff has only put forward conclusory allegations of disability.

**2. Qualified Individual under the Americans with Disabilities Act**

Even if Plaintiff was deemed to be disabled within the meaning of the Americans with Disabilities Act, Plaintiff also failed to establish the second prong of the McDonnell Douglas framework.  Plaintiff has not shown how he was a qualified individual at the time of his termination.

The Americans with Disabilities Act defines "qualified individual" as an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.  42 U.S.C. § 12111(8); Nunes v. Wal-Mart, Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).

The Americans with Disabilities Act requires that a plaintiff be able to perform the essential functions of his job "with or without reasonable accommodation."  42 U.S.C. § 12111(8).  A job's essential functions are the fundamental job duties of the employment position not including the marginal functions of the position.  29 C.F.R. § 1630.2(n)(1); Bates v. United Parcel Service, Inc., 511 F.3d 974, 990 (9th Cir. 2007).

Plaintiff only claims that he was an officer with the Kauai Police Department and that he had difficulties with the new reporting system used by the department.  (Complaint at ¶¶ IC, IIIE, ECF No. 1).  Plaintiff has not alleged whether utilizing the new reporting system is an essential function of Plaintiff's employment and whether he would be able to use the reporting

system with or without a reasonable accommodation.  Plaintiff has
not stated facts to show that he is a qualified individual.

### 3. Adverse Employment Action Under the Americans with Disabilities Act

An adverse employment action "materially affects the
compensation, terms, conditions, or privileges of ...
employment."  Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th
Cir. 2008) (brackets omitted).

It is unclear what adverse employment action Plaintiff is
alleging.  In his complaint Plaintiff states that due to his age,
he was not given "due process of chain of command forewarning
[sic] that reports or work was inefficient" by his immediate
supervisor.  (Exhibit A, attached to Complaint at ¶¶ 7, 9, ECF
No. 1-1).  Construing Plaintiff's Complaint liberally, Plaintiff
claims that he was reprimanded or written up by his supervisor.
Plaintiff does not allege that this has materially affected the
compensation, terms, conditions, or privileges of his employment.
Being written up, without more, does not necessarily constitute
an adverse employment action. See, e.g., Lloyd, 552 F.3d at 602
("[W]ritten reprimands without any changes in the terms or
conditions of [ ] employment are not adverse employment
actions."); Lambdin, 2015 WL 263569 at *3.

Plaintiff's Complaint is too sparse to support a violation
of the Americans with Disabilities Act.  Plaintiff's disability
discrimination and failure to accommodate claims pursuant to the

Americans with Disabilities Act are **DISMISSED WITH LEAVE TO AMEND**.

## V. Plaintiff's Retaliation Claims

Employers are prohibited under Title VII of the Civil Rights Act of 1964 from retaliating against employees who have "opposed, complained of, or sought remedies for, unlawful workplace discrimination." Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2522 (2013); 42 U.S.C. § 2000e-3(a). Title VII's protections apply to police officers. Moore v. City of San Jose, 615 F.2d 1265 (9th Cir. 1980).

The Age Discrimination in Employment Act anti-retaliation provision is parallel to the anti-retaliation provision contained in Title VII and cases interpreting the latter provision are frequently relied upon in interpreting the former. Poland v. Chertoff, 494 F.3d 1174, 1180 n.1 (9th Cir. 2007)(internal quotations and citations omitted).

Similarly, retaliation claims under the Americans with Disabilities Act also follow the Title VII retaliation framework. Brown v. City of Tucson, 336 F.3d 1181, 1186-87 (9th Cir. 2003).

Courts analyze retaliation cases by applying the burden-shifting McDonnell Douglas framework. 411 U.S. at 792; Dawson v. Entek Int'l, 630 F.3d 928, 936 (9th Cir. 2011).

To establish a prima facie case of retaliation, Plaintiff must demonstrate that:

  (1)  He engaged in a protected activity;

(2)  Defendants subjected him to an adverse employment
     action; and

(3)  a causal link existed between the protected activity
     and the adverse employment action.

    Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185,

1196-97 (9th Cir. 2003).

    The United States Supreme Court has recognized that a

plaintiff alleging unlawful retaliation pursuant to Title VII

must establish "but-for" causation, meaning the employee must

demonstrated that he would not have suffered the adverse

employment action but for his engagement in protected activity.

Nassar, 133 S.Ct. at 2533.  But-for causation may be shown

through direct and circumstantial evidence.  Yartzoff v. Thomas,

809 F.2d 1371, 1376 (9th Cir. 1987).

    Plaintiff has failed to plead sufficient facts to show

retaliation based on his race, color, or age.  Plaintiff has

failed to state what protected activity he was engaged in.  It is

also unclear what the adverse employment action plaintiff

alleges.  An adverse employment action "materially affects the

compensation, terms, conditions, or privileges of ...

employment."  Davis, 520 F.3d at 1089.  Plaintiff's Complaint

only consists of an allegation that unspecified disciplinary

actions were taken against him.  (Complaint at ¶ IIIE, ECF No.

1).  In his Complaint, Plaintiff states that due to his age, he

was not given "due process of chain of command forewarning [sic]

that reports or work was inefficient" by his immediate

supervisor.  (Exhibit A, attached to Complaint at ¶¶ 7, 9, ECF

No. 1-1).  These allegations are insufficiently specific to
constitute an adverse employment action.  Plaintiff also fails to
plead a causal link between the protected activity and the
adverse employment action.

Plaintiff has failed to state a claim for retaliation under
either Title VII of the Civil Rights Act of 1964, the Age
Discrimination in Employment Act, or the Americans with
Disabilities Act.  Plaintiff's claims are **DISMISSED WITH LEAVE TO
AMEND**.

## VI. Plaintiff's Claims for Punitive Damages

Title VII of the Civil Rights Act of 1964 precludes an award
of punitive damages against Defendant County of Kauai.  Title VII
precludes litigants from recovering punitive damages against a
government, government agency, or political subdivision.  42
U.S.C. § 1981a(b)(1).

Here, because Defendant County of Kauai is a "government,
government agency, or political subdivision," punitive damages
are not available. See Kaulia v. Cty. of Maui, Civ. No. 05-00290
JMS-LEK, 2006 WL 4660130, at *6-7 (D. Haw. May 24, 2006) (noting
punitive damages not available against a municipality under Title
VII); Mayfield v. Cty. of Merced, No. CV F 13-1619 LJO BAM, 2014
WL 2574791, at *17 (E.D. Cal. June 9, 2014) (citing 42 U.S.C. §
1981a(b)(1) and noting "Title VII specifically exempts public
entities from punitive damages"), report and recommendation

adopted, No. 1:13-CV-1619 LJO-BAM, 2014 WL 3401177 (E.D. Cal.
July 10, 2014).

Plaintiff's claims for punitive damages are **DISMISSED WITH PREJUDICE**.


## CONCLUSION


A pro se litigant must be given leave to amend his or her
complaint unless it is absolutely clear that the deficiencies of
the complaint may not be cured by amendment. <u>Karim-Panahi v. Los
Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

The Ninth Circuit Court of Appeals has held that the policy
of "freely" permitting a party to amend "is to be applied with
extreme liberality." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316
F.3d 1048, 1051 (9th Cir. 2003).

(1)  The Complaint is **DISMISSED WITH LEAVE TO AMEND** for
     failure to state a claim pursuant to Fed. R. Civ. P.
     12(b)(6).

(2)  Plaintiff may file an Amended Complaint curing the
     deficiencies of his claims against the Defendant County
     of Kauai on or before Wednesday, January 17, 2018.

(3)  Failure to timely amend and cure the pleading
     deficiencies noted herein will result in dismissal of

this action with prejudice for failure to state a claim.

IT IS SO ORDERED.


DATED:   Honolulu, Hawaii, November 30, 2017.

Helen Gillmor
United States District Judge