IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANNY LEE CREAMER, | ) | CIVIL NO. 16-00648 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUAI; KAUAI POLICE | ) | |
| DEPARTMENT; CHIEF OF POLICE, | ) | |
| DARRYL PERRY; DEPUTY CHIEF, | ) | |
| MICHAEL CONTRADES; ASSISTANT | ) | |
| CHIEF, ALEJANDRE QUIBILAN; | ) | |
| SERGEANT, PATRICK BALBARINO; | ) | |
| SERGEANT SANDY WAKAMOTO; | ) | |
| LIEUTENANT, SCOTT BREDE; | ) | |
| ASSISTANT CHIEF, ROY ASHER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 37) WITH LEAVE TO AMEND**

Pro se Plaintiff Danny Lee Creamer, a former police officer with the Kauai Police Department, filed a First Amended Complaint (ECF No. 31) following the Court's dismissal of Plaintiff's original Complaint.

Plaintiff again alleges that he was discriminated against on the basis of his race, color, age, and disability. Plaintiff has added a state law negligence claim.

Plaintiff also again sued the two originally named members of the Kauai Police Department and added five more individuals from the Kauai Police Department as Defendants.

On February 2, 2018, Plaintiff filed an Amended Complaint entitled both "MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR

1

LEAVE TO FILE AMEMDED COMPLAINT FOR (ECF NO. 13)" and "MOTION FOR
LEAVE TO AMEND COMPLAINT".  The Court construes Plaintiff's
pleading as the First Amended Complaint.  The allegations in the
First Amended Complaint are insufficient to state a claim upon
which relief may be granted.

Defendants' Motion to Dismiss (ECF No. 37) is **GRANTED WITH
LEAVE TO AMEND**.

## PROCEDURAL HISTORY

On December 6, 2016, Plaintiff Danny Lee Creamer filed a
COMPLAINT FOR EMPLOYMENT DISCRIMINATION.  (ECF No. 1).

On June 1, 2017, Defendants filed a Motion to Dismiss
Plaintiff's Complaint.  (ECF No. 13).

On November 30, 2017, the Court issue an Order dismissing
Plaintiff's Complaint with leave to amend.  (ECF No. 25).

On February 2, 2018, Plaintiff filed an Amended Complaint
which also included in its title: "MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO FILE AMEMDED COMPLAINT FOR (ECF
NO. 13)" and "MOTION FOR LEAVE TO AMEND COMPLAINT".  (ECF No.
31).  The Court construes Plaintiff's filing as a First Amended
Complaint.

On February 20, 2018, Defendants filed a Motion to Dismiss
Plaintiff's First Amended Complaint.  (ECF No. 37).

On March 8, 2018, Plaintiff filed a pleading bearing the
captions "PLAINTIFF'S PLEAD FOR AN EXTENSION TO FILE OPPOSITION

TO THE MOTION TO DISMISS (ECF NO. 13)" and "MOTION FOR AN EXTENSION TO COMPLETE OPPOSITION TO THE MOTION TO DISMISS BY DEFENDANTS." (ECF No. 39). The Court construed Plaintiff's filing as a request for an extension of time to file his Opposition.

On March 16, 2018, the Court granted Plaintiff's first request for an extension of time to file his opposition. (ECF No. 40).

On April 9, 2018, Plaintiff again filed a pleading bearing the captions "PLAINTIFF'S PLEAD FOR AN EXTENSION TO FILE OPPOSITION TO THE MOTION TO DISMISS (ECF NO. 13)" and "MOTION FOR AN EXTENSION TO COMPLETE OPPOSITION TO THE MOTION TO DISMISS BY DEFENDANTS." (ECF No. 41). Once more, the Court construed Plaintiff's filing as a request for an extension of time to file his Opposition.

On April 13, 2018, the Court granted Plaintiff's second request for an extension of time to file his opposition. (ECF No. 42).

On June 1, 2018, Plaintiff filed his Opposition. (ECF No. 43).

On June 13, 2018, Defendants filed a Reply. (ECF No. 44).

The court elects to decide the Motion without a hearing pursuant to Local Rule 7.2(d).

## BACKGROUND

Plaintiff Danny Lee Creamer was a police officer with the

Kauai Police Department for roughly twenty-four years.  (First Amended Complaint at p. 1, ECF No. 31).  Plaintiff is African-American and was fifty-eight years old when he stopped working at the Department.  (Id. at pp. 6, 7).

Plaintiff names the County of Kauai, the Kauai Police Department, and seven members of the Kauai Police Department as Defendants.  (Id. at p. 2).  Of the seven individual Defendants, only Lieutenant Scott Brede and Assistant Chief Roy Asher are mentioned in the body of the First Amended Complaint.

**According to Plaintiff's First Amended Complaint:**

In late 2013, the Kauai Police Department introduced a new computer system for filing police reports.  (Id. at p. 3).  Plaintiff had difficulty learning how to use the system and required overtime to complete inputting his reports.  (Id. at pp. 3-4).  Plaintiff was limited to three hours of overtime to complete his reports.  (Id. at p. 3).

On January 1, 2014, Plaintiff began to suffer headaches, stomach pain, diarrhea, sleeplessness, loss of appetite, loss of weight, and chest pains.  (Id. at p. 4).  Plaintiff attributed his symptoms to stress caused by his difficulties with the new computer system.  (Id.)  Plaintiff's doctor diagnosed him with a stress related physiological response.  (Id. at pp. 4-5).  This either caused his symptoms or affected preexisting ailments, such as Plaintiff's hypertension.  (Id. at pp. 4-5).  Plaintiff became depressed when he was unable to meet the requirement that he

4

complete his reports without further assistance, unspecified medical accommodations, or further training. (Id. at p. 5).

Plaintiff alleges that he was treated disparately over the course of his career with the Kauai Police Department. Without providing names, dates, or specifics, Plaintiff alleges that he was passed over for promotions and assignments, denied fringe benefits, and was not given leave for stress related conditions because of his race and color. (Id. at pp. 7, 8, 9, 13). Plaintiff has not named any officers who were given leave due to stress, what stress related conditions they experienced, or the nature of the leave they were given. (Id.)

Plaintiff states that unnamed officers created a hostile work environment by saying unspecified things to him throughout his career. (Id. at pp. 8, 9). He states they were aggressive, intimidating, and harassing. (Id.)

**Plaintiff Also Alleges that:**

At some point "[w]hile Plaintiff was in the process of filing his documents to the court and waiting on the results," there was an incident involving an unidentified visitor to his home. (Id. at p. 10). In response, Plaintiff called the police. (Id.) Unnamed officers arrived at the scene and arrested Plaintiff. (Id.) Later, Plaintiff states that the charges against him were dropped. (Id.) He does not specify what the charges were. Plaintiff alleges that unnamed officers falsified their report of the incident. (Id.) Plaintiff claims that on

5

the day following Plaintiff's arrest, Defendant Assistant Chief
Asher went to Plaintiff's house to serve a "department document."
(Id. at p. 11).  Plaintiff then accused Defendant Asher of having
him arrested the previous day, in retaliation to his claim
against the Kauai Police Department.  (Id.)  It is not clear what
claim Plaintiff refers to.  Plaintiff alleges that Defendant
Assistant Chief Asher responded by becoming upset, yelling at
Plaintiff and walking toward him in an aggressive manner.  (Id.)

## STANDARD OF REVIEW

A court must dismiss a complaint as a matter of law pursuant
to Federal Rule of Civil Procedure 12(b)(6) where it fails "to
state a claim upon which relief can be granted."  Rule (8)(a)(2)
of the Federal Rules of Civil Procedure requires "a short and
plain statement of the claim showing that the pleader is entitled
to relief."  When considering a Rule 12(b)(6) motion to dismiss,
the Court must presume all allegations of material fact to be
true and draw all reasonable inferences in favor of the non-
moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir.
1998).  Conclusory allegations of law and unwarranted inferences
are insufficient to defeat a motion to dismiss.  Id. at 699.  The
Court need not accept as true allegations that contradict matters
properly subject to judicial notice or allegations contradicting
the exhibits attached to the complaint.  Sprewell v. Golden State
Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme

Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of

7

'entitlement to relief.'" Id. (quoting Twombly, 550 U.S.
at 557).

The complaint "must contain sufficient allegations of
underlying facts to give fair notice and to enable the opposing
party to defend itself effectively" and "must plausibly suggest
an entitlement to relief, such that it is not unfair to require
the opposing party to be subjected to the expense of discovery
and continued litigation." AE ex rel. Hernandez v. Cnty of
Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations
omitted).

## ANALYSIS

The Court construes Plaintiff's pro se pleadings liberally.
Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The
Supreme Court has instructed the federal courts to liberally
construe the 'inartful pleading' of pro se litigants") (citing
Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).

Allegations in a complaint may not simply recite the
elements of a cause of action, but the complaint must contain
sufficient allegations of underlying facts to give fair notice
and to enable the opposing party to defend itself effectively.
Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual
allegations taken as true must plausibly suggest an entitlement
to relief. Id.

Even liberally construed, Plaintiff's First Amended
Complaint is vague and difficult to decipher.

## I. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE INDIVIDUAL DEFENDANTS WHO ARE MEMBERS OF THE KAUAI POLICE DEPARTMENT

### A. Plaintiff Has Failed To State A Claim Against Lieutenant Brede and Assistant Chief Asher

#### 1. Plaintiff Is Unable To Bring The Federal Employment Discrimination Claims Against Lieutenant Brede And Assistant Chief Asher That Were Previously Dismissed In The Court's November 30, 2017 Order As They Fail As A Matter Of Law

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act do not provide for personal liability against individuals. Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587 (9th Cir. 1993)(no individual liability under Title VII or the Age Discrimination in Employment Act); Walsh v. Nevada Dep't of Human Res., 471 F.3d 1033, 1038 (9th Cir. 2006)(no individual liability under the Americans with Disabilities Act).

In its detailed Order filed on November 30, 2017, the Court dismissed Plaintiff's federal employment discrimination claims against Defendants Lieutenant Scott Brede and Assistant Chief Roy Asher brought pursuant to Title VII of the Civil Rights Act, Age Discrimination in Employment Act, and Americans with Disabilities Act. (ECF No. 25).

Plaintiff has attempted to bring such claims against Defendants Brede and Asher in the First Amended Complaint. Plaintiff remains barred by the Court's previous order from asserting federal employment discrimination and retaliation claims against Defendants Brede and Asher. Semtek Int'l Inc. v.

9

<u>Lockheed Martin Corp.</u>, 531 U.S. 497, 506 (2001).

In their Motion to Dismiss, Defendants incorrectly assert that the Court dismissed Defendants Brede and Asher from the case with prejudice.  (Motion to Dismiss at pp. 6-7, ECF No. 37-1).  Rather, the Court dismissed only the **claims** against Defendants Brede and Asher brought pursuant to Title VII of the Civil Rights act of 1964, the Age Discrimination in Employment Act, and the Americans with Disabilities Act.  (Order Granting Motion to Dismiss at p. 7, ECF No. 25).

      **2.**   **Plaintiff Is Unable To Bring A Federal Hostile Work Environment Claim Against Lieutenant Brede And Assistant Chief Asher**

Individuals cannot be held personally liable for a hostile work environment claim brought pursuant to Title VII of the Civil Rights Act, the Americans With Disabilities Act, or the Age Discrimination in Employment Act.  <u>Washington v. Lowe's HIW Inc.</u>, 75 F.Supp.3d 1240, 1246-47 (N.D. Cal. Dec. 16, 2014) (citing <u>Holly D. v. Cal. Inst. Of Tech.</u>, 339 F.3d 1158, 1179 (9th Cir. 2003)).

Plaintiff's First Amended Complaint attempts to state a hostile work environment claim against Defendants Lieutenant Brede and Assistant Chief Asher in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Age Discrimination in Employment Act.

Plaintiff is unable to bring a hostile work environment claim pursuant to federal employment discrimination law against

Defendants Brede and Asher as a matter of law.

Plaintiff's hostile work environment claim against Defendants Brede and Asher is **DISMISSED WITH PREJUDICE.**

### B.   Plaintiff Has Failed To State A Claim Against The Other Five Individual Members Of The Kauai Police Department

Plaintiff must allege sufficient facts to plausibly suggest that a named Defendant injured him in order to state a claim for relief.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007).

Plaintiff's First Amended Complaint names Chief of Police Darryl Perry, Deputy Chief Michael Contrades, Assistant Chief Alejandre Quibilan, Sergeant Patrick Balbarino, and Sergeant Sandy Wakamoto as Defendants in the caption of the First Amended Complaint.

Plaintiff does not make a single factual allegation about the five new individual defendants.

Defendants Perry, Contrades, Quibilan, Balbarino and Wakamoto are **DISMISSED** as no claims have been stated against them.  The First Amended Complaint alleges no cause of action that would entitle Plaintiff to relief against these five Defendants.  <u>Id.</u> at 558.

## II.   PLAINTIFF IS UNABLE TO STATE A CLAIM AGAINST THE DEFENDANT KAUAI POLICE DEPARTMENT

The Kauai Police Department is not an independent legal

entity separate from the County of Kauai.  <u>Fisher v. Kealoha</u>, 869 F.Supp.2d 1203, 1214 (D. Haw. 2012).

Plaintiff names the Kauai Police Department in the First Amended Complaint.  The Kauai Police Department is not a proper defendant.  Claims against the Kauai Police Department must be brought against the County of Kauai, which is the proper legal entity.  Plaintiff's claims brought against the Kauai Police Department are duplicative of claims against the County of Kauai.

The Kauai Police Department is **DISMISSED** from the case.

## III. <u>PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE DEFENDANT COUNTY OF KAUAI</u>

Plaintiff's First Amended Complaint asserts six causes of action against the County of Kauai:

**First**, failure to accommodate his disability.

**Second**, age discrimination.

**Third**, disparate treatment.

**Fourth**, hostile work environment.

**Fifth**, retaliation.

**Sixth**, Plaintiff mentions negligence as a claim related to allegations of inadequate training, failure to provide a reasonable accommodation, and failure to provide "reasonable due process."

**FIRST CAUSE OF ACTION**:     **FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

The Americans with Disabilities Act ("ADA") prohibits an employer from discriminating against a qualified individual with a disability with regards to the terms, conditions, and privileges of employment because of their disability.  42 U.S.C. § 12112(a).

To state a prima facie case for failure to accommodate a disability, a plaintiff must allege:

(1)  he was "disabled" within the meaning of the ADA statute;

(2)  he was a "qualified individual," meaning he was able to perform the essential functions of his job, either with or without reasonable accommodations at the time of his disability; and,

(3)  he suffered an adverse employment action "because of" his disability.

Hutton v. Elf Atochem North Am., Inc., 273 F.3d 884, 891 (9th Cir. 2001).

Plaintiff appears to state that his difficulties with the new computer system instituted by the Kauai Police Department caused him to develop a number of physical maladies and depression.  Plaintiff suggests that his physical maladies and depression were not then accommodated.

**A.    Disability Under the Americans with Disabilities Act**

The Americans with Disabilities Act defines disability with respect to an individual as:

(A)   a physical or mental impairment that substantially
      limits one or more of the major life activities of such
      individual;

(B)   a record of such impairment; or

(C)   being regarding as having such an impairment.

42 U.S.C. § 12102(1).[1]

Plaintiff has not sufficiently pled that he is disabled.  In

the First Amended Complaint, Plaintiff alleges that stress

related to his inability to operate the new computer reporting

system caused him to have headaches, stomach pain, diarrhea,

sleeplessness, loss of appetite, loss of weight and chest pains.

(First Amended Complaint at p. 4, ECF No. 31).  Plaintiff later

states that he developed depression as a result of Defendant's

failure to accommodate his disability.  (Id. at p. 5).  Plaintiff

does not allege that his depression, itself, was not

accommodated.

The nature, severity, duration, and impact of Plaintiff's

alleged disability is unclear from the First Amended Complaint.

Plaintiff has also not identified a major life activity that has

been substantially limited by his alleged disability.  Walton v.

U.S. Marshals Serv., 492 F.3d 998, 1009 (9th Cir. 2007).

Plaintiff has not sufficiently pled that he is disabled

---

[1] Plaintiff attempts to invoke the definition of disability
contained in the Equality Act of 2010.  (Opposition at pp. 9-11,
ECF No. 43).  The Equality Act of 2010 is an act of the
Parliament of the United Kingdom and not applicable to this case.
Equality Act 2010: guidance, GOV.UK,
https://www.gov.uk/guidance/equality-act-2010-guidance (last
visited July 18, 2018).

within the meaning of the Americans with Disabilities Act.  Id.

**B.    Qualified Individual**

The Americans with Disabilities Act defines "qualified individual" as an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position the individual holds or desires.  42 U.S.C. § 12111(8); Nunes v. Wal-Mart, Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999).

**1.    Essential Functions**

A job's essential functions are the fundamental job duties of the employment position not including the marginal functions of the position.  29 C.F.R. § 1630.2(n)(1); Bates v. United Parcel Service, Inc., 511 F.3d 974, 990 (9th Cir. 2007).

Plaintiff states that before the introduction of the new computer reporting system, he had been filling his reports on-time for over twenty years.  (First Amended Complaint at p. 4, ECF No. 31).  Construing Plaintiff's Complaint liberally, the Court concludes that Plaintiff claims that filing reports is an essential function of his duties as a police officer.

**2.    Reasonable Accommodation**

A reasonable accommodation is defined as modifications or adjustments to the work environment, or to the manner or

circumstances under which the position is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position.  29 C.F.R. § 1630.2(o)(1)(ii).

According to Plaintiff, police officers were limited to three hours of overtime to file reports.  (Complaint at p. 4, ECF No. 31).  Plaintiff alleges he needed more than three hours of overtime to complete his reports, but that "it was clear that Plaintiff could not put more than 3 hours of overtime when it wasn't approved."  (Id. at p. 6).  Plaintiff appears to argue that additional overtime would be a reasonable accommodation for his disability.

At this stage, it is impossible to determine if Plaintiff has stated facts sufficient to allege that he is a qualified individual with a disability.  Plaintiff has not sufficiently alleged the nature of his disability, what accommodation he believes would have allowed him perform the essential functions of a police officer, and how such accommodation would have been reasonable under the circumstances.

### 3.    Adverse Employment Action Under the Americans with Disabilities Act

An adverse employment action "materially affects the compensation, terms, conditions, or privileges of ... employment."  Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008) (brackets omitted).

It is unclear what adverse employment action Plaintiff alleges he was subject to. Plaintiff states only that there were "threats of disciplinary actions" and that he "was subject to an adverse employment action." (First Amended Complaint at pp. 4-5). Threats of disciplinary action do not constitute an adverse employment action. Nunez v. City of Los Angeles, 147 F.3d 867, 875 (9th Cir. 1998). Plaintiff also alleges that he was "first to be sanctioned for not learning the system fast enough." (First Amended Complaint at p. 10, ECF No. 31).

Plaintiff provides no details about any specific disciplinary sanction or whether other officers were later sanctioned for being behind on their reports. It is also not clear from the First Amended Complaint whether Plaintiff was terminated from his position or whether he voluntarily left the position. Plaintiff does not specify the date that he stopped working for the Kauai Police Department.

Plaintiff's conclusory allegations that he was discriminated against on the basis of a disability are insufficient. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).

Plaintiff's First Amended Complaint fails to plead sufficient facts to support a claim for a violation of the Americans with Disabilities Act.

Plaintiff's failure to accommodate claim is **DISMISSED WITH LEAVE TO AMEND.**

**SECOND CAUSE OF ACTION:  DISCRIMINATION ON THE BASIS OF AGE IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

The Age Discrimination in Employment Act ("ADEA") prohibits discrimination against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.  29 U.S.C. § 623(a)(1).

To establish a prima facie case of discrimination under the Age Discrimination in Employment Act ("ADEA"), a plaintiff must allege in his complaint that:

(1)  he was at least forty years old;

(2)  he was performing his job satisfactorily;

(3)  there was an adverse employment action; and,

(4)  he was either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination.

Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008).

In the Court's previous order dismissing Plaintiff's Complaint, the Court found that Plaintiff had not pled any of the above elements for an age discrimination claim besides his age. (Order at pp. 12-13, ECF No. 25).  Plaintiff repeats his error. The First Amended Complaint alleges that he was fifty-eight years old at the time in question.  (First Amended Complaint at p. 6, ECF No. 31).

The First Amended Complaint does not provide the other three elements required to state a prima facie case for age

18

discrimination.  Plaintiff makes contradictory allegations about whether his performance was satisfactory.  Plaintiff states both that he "never received less than satisfactory [on his evaluations] in the 20 plus years of service" and that he received "low evaluations to hinder his advancement." (First Amended Complaint at pp. 8, 9, ECF No. 31).  As explained above, Plaintiff has not identified an adverse employment action.

In his Opposition to Defendants' Motion to Dismiss, Plaintiff for the first time alleges that he was denied additional computer training granted to younger officers. (Opposition at pp. 16-17, ECF 43-1).  Plaintiff is prohibited from putting forth new facts for the first time in his Opposition.  See Schneider v. Cal. Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998); Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).

Plaintiff's First Amended Complaint lacks sufficient detail to support an Age Discrimination in Employment Act.  Plaintiff's Age Discrimination in Employment Act claim is **DISMISSED WITH LEAVE TO AMEND.**

**THIRD CAUSE OF ACTION**:    **DISPARATE TREATMENT ON THE BASIS OF RACE AND COLOR IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

To establish a prima facie case of disparate treatment pursuant to Title VII of the Civil Rights Act of 1964, a plaintiff must demonstrate that:

(1)  he belongs to a protected class;

(2)  he was performing his job satisfactorily;

(3)  he suffered an adverse employment action; and,

(4)  similarly situated employees outside of his protected class were treated more favorably.

Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing McDonnell Douglas Corp. V. Green, 411 U.S. 792, 802 (1973)).

Plaintiff has sufficiently pled that he is a member of a protected class in that he states he is African American and Black.  (First Amended Complaint at p. 10, ECF No. 31). Plaintiff makes only conclusory statements related to the other three elements of a disparate treatment claim.  Plaintiff's First Amended Complaint requires more than labels and conclusions, and a formulaic recitation of the elements of his cause of action. Twombly, 550 U.S. at 555.

As stated earlier, Plaintiff makes contradictory allegations about whether his performance was satisfactory.  Plaintiff states both that he "never received less than satisfactory [on his evaluations] in the 20 plus years of service" and that he received "low evaluations to hinder his advancement." (First Amended Complaint at pp. 8, 9, ECF No. 31).

Plaintiff does not allege with specificity an adverse employment event.  Plaintiff only states that he was "singled out and treated with disparate treatment, even though other officers of non-African Decent [sic] were in the same situation" and that

he was passed over for promotion, lateral movement to a different department, fringe benefits, and assignments. (First Amended Complaint at p. 8, ECF No. 31). His First Amended Complaint does not provide a way to determine when these events occurred. The First Amended Complaint does not allege facts related to the nature of the promotions, lateral movements, benefits or assignments in question. There are no dates in the First Amended Complaint as to when any of these events allegedly took place.

Plaintiff also does not state the names and races of the similarly situated officers who were allegedly treated more favorably. Plaintiff claims he was the "first to be sanctioned for not learning the system fast enough" because of his race and color. (Id. at p. 10). Plaintiff does not explain what the sanction entailed, or whether other officers were later sanctioned for being behind on their reports.

The conclusory nature of the First Amended Complaint does not give fair notice for the County of Kauai to defend itself effectively. Starr, 652 F.3d at 1216. Defendant cannot rebut Plaintiff's disparate treatment claim without more information.

Plaintiff's claim for race and color discrimination under Title VII of the Civil Rights Act of 1964 is **DISMISSED WITH LEAVE TO AMEND**.

**FOURTH CAUSE OF ACTION**:  **HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

In order to state a claim for hostile work environment under Title VII of the Civil Rights Act of 1964, a plaintiff must allege facts to show:

(1)  he was subjected to discriminatory verbal or physical conduct;

(2)  the conduct was unwelcome; and,

(3)  the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.

Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).

Plaintiff provided conclusory statements that "officers said things ... that were aggressive, intimidating, harassing, and created an environment of hostile [sic] in the workplace," that he was treated unfavorably because of his "hair texture, facial expressions/features and personal characteristics", and that he was subject to unspecified "offhand comments, harassment, when trying to do the job, aggressive and hostile which made the Plaintiff feel uncomfortable."  (First Amended Complaint at p. 8, 9, ECF No. 31).

Plaintiff's statement is completely lacking in particularity.  There are no facts to support a hostile work environment claim.  There are no dates or locations of the alleged events, no specifics as to any particular individuals

involved, and no details as to severity, duration, intensity, or pervasive nature of these alleged incidents.

The First Amended Complaint does not give fair notice for the County of Kauai to defend itself effectively. <u>Starr</u>, 652 F.3d at 1216. Defendant cannot rebut Plaintiff's hostile work environment claim without knowing which officers are alleged to have made harassing statements, the content of those statements, and when the statements were made.

Plaintiff's federal hostile work environment claim is **DISMISSED WITH LEAVE TO AMEND.**

**<u>FIFTH CAUSE OF ACTION</u>:      RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AND THE AMERICANS WITH DISABILITIES ACT**

Employers are prohibited under Title VII of the Civil Rights Act of 1964 from retaliating against employees who have "opposed, complained of, or sought remedies for, unlawful workplace discrimination." <u>Univ. of Texas Sw. Med. Ctr. v. Nassar</u>, 570 U.S. 338, 362-63 (2013); 42 U.S.C. § 2000e-3(a). Title VII's protections apply to police officers. <u>Moore v. City of San Jose</u>, 615 F.2d 1265, 1273 (9th Cir. 1980).

The Age Discrimination in Employment Act and Americans with Disabilities Act contain parallel anti-retaliation provisions to the anti-retaliation provision contained in Title VII. <u>Poland v. Chertoff</u>, 494 F.3d 1174, 1180 n.1 (9th Cir. 2007); <u>Brown v. City of Tucson</u>, 336 F.3d 1181, 1186–87 (9th Cir. 2003).

To establish a prima facie case of retaliation, Plaintiff must demonstrate that:

(1)  he engaged in a protected activity;

(2)  Defendants subjected him to an adverse employment action; and

(3)  a causal link existed between the protected activity and the adverse employment action.

Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1196-97 (9th Cir. 2003).

## A.    Protected Activity

Plaintiff appears to argue that he engaged in protected activities when he "was in the process of filling his documents to the court and waiting on results" and he had filed an "EEOC complaint and Workmen's Compensation complaint."  (First Amended Complaint at pp. 10, 13, ECF No. 31); see Nilsson v. City of Mesa, 503 F.3d 947, 954 (9th Cir. 2007).

There are insufficient facts to determine the timing of Plaintiff's protected activities for purposes of his retaliation claim.  The record demonstrates that Plaintiff received a Right to Sue Letter from the EEOC on September 27, 2016.  Plaintiff has not stated the date he filed his complaint with either the EEOC or with Workmen's Compensation with the State of Hawaii.

Plaintiff has not provided sufficient particularity with respect to his alleged protected activity based on "filing his documents to the court."  Plaintiff does not specify the exact date when he engaged in the activity, with which court he filed

24

documents, and what documents he was filing that would constitute his engagement in a protected activity.  Plaintiff has made numerous filings in this Court alone.

There are insufficient facts to determine the relevance of Plaintiff's protected activities for purposes of his retaliation claim.

### B.    Adverse Employment Action

An adverse employment action materially affects the compensation, terms, conditions, or privileges of employment. Davis, 520 F.3d at 1089.  Plaintiff alleges that on some unspecified date after he was "in the process of filing documents with the court," an incident with a visitor took place in his home which necessitated calling the Police.  (First Amended Complaint at pp. 10-11, ECF No. 31).  In his attempt to state an adverse employment action, Plaintiff puts forth the following statement:

> First, Plaintiff didn't commit any crimes, which was later dropped, and the victim reported that the report that they (officers) submitted is not what was said to the police.
>
> Second, Plaintiff was not given his rights but handcuffed and transported to police cell block for booking.
>
> Third, there have been a few officers who committed crimes and was arrested, and fired but they were not handcuffed, they were not put in cellblock, which can be proven at trial.
>
> The next day, ASHER comes to Plaintiff's house to serve a department document, and when he was asked how this could happen when Plaintiff was standing his grounds on

his own property to keep the intruder out, ASHER
answered, "sometimes the person calling the police gets
arrested."

Plaintiff asked ASHER is he doing this because
Plaintiff was making a claim against the police the
department, he got upset and began yelling at me and
walking toward in an aggressive way trying to
intimidate, saying that the Plaintiff shouldn't be
trying to tell him that he was retaliating against
Plaintiff.

ASHER then got in his police car and left.

That type of attitude is what Plaintiff had to
deal with throughout his career in the Police
department. There was a witness to the incident in my
carport area.

Plaintiff was working as Officer-in-Charge one
day, when he asked a Sargent whether his wife would
come to work because of the shortage. The Sargent got
upset, threw his keys on the floor, kicked the desk and
he rushed out the room. There were witnesses of the
incident as well.

(First Amended Complaint at pp. 10-11, ECF No. 31).

It is difficult to understand how Plaintiff's arrest is

connected with his ambiguous statements about his various

complaints made with state agencies and an unspecified court.

Plaintiff has not demonstrated how the matters he has identified

could be construed as an adverse employment action by affecting

the compensation, terms, conditions, or privileges of his

employment. Davis, 520 F.3d at 1089.

## C.   Causal Link

The United States Supreme Court has recognized that a

plaintiff alleging unlawful retaliation pursuant to Title VII

must establish "but-for" causation, meaning the employee must

26

demonstrated that he would not have suffered the adverse
employment action but for his engagement in protected activity.
Nassar, 570 U.S. at 360-61. But-for causation may be shown
through direct and circumstantial evidence. Yartzoff v. Thomas,
809 F.2d 1371, 1376 (9th Cir. 1987). Circumstantial evidence may
include employer's knowledge that the plaintiff engaged in
protected activities and the proximity in time between the
protected action and the allegedly retaliatory action. Id.

The First Amended Complaint does not provide sufficient
allegations of a causal link between filling either the EEOC
Complaint, the Worker's Compensation complaint, or the Complaint
herein (or in another court) and Plaintiff's arrest. Plaintiff's
conclusory statement that the arrest was retaliatory is
insufficient.

Plaintiff has not provided any details about the timing of
his complaints and the timing of the arrest. Plaintiff has not
stated on what date the arrest took place, which officers
arrested him, what he was arrested for, or the nature of the
underlying incident which led him to call the police. In order
to state a claim for retaliation, Plaintiff must provide more
details relating to the circumstances of his arrest. Plaintiff
has failed to sufficiently allege a causal link between his
alleged protected activities and his arrest.

Plaintiff's claim for retaliation under either Title VII of
the Civil Rights Act of 1964, the Age Discrimination in

Employment Act, or the Americans with Disabilities Act is **DISMISSED WITH LEAVE TO AMEND.**

## SIXTH CAUSE OF ACTION:   NEGLIGENCE

The Hawaii Workers' Compensation Law is the exclusive remedy for negligence claims arising out of, and in the course, of employment.  <u>Furukawa v. Honolulu Zoological Society</u>, 936 P.2d 643, 654 (Haw. 1997).  It states, in relevant part:

> The rights and remedies herein granted to an employee or the employee's dependents on account of a work injury suffered by the employee shall exclude all other liability of the employer to the employee . . . on account of the injury, except for sexual harassment or sexual assault and infliction of emotional distress or invasion of privacy related thereto, in which case a civil action may also be brought.

Haw. Rev. Stat. § 386-5.  Federal courts have interpreted § 386-5 to bar claims for negligence, negligent supervision, and negligent training in employment discrimination suits.  <u>Antoku v. Hawaiian Elec. Co.</u>, 266 F.Supp.2d 1233, 1236-37 (D. Haw. 2003); <u>Dowkin v. City & Cty. of Honolulu</u>, Civ. 10-00087 LEK, 2015 WL 4232424, at *3 (D. Haw. July 10, 2015).  To the extent Plaintiff brings negligence claims, they are barred by Hawaii Workers' Compensation Law.  Haw. Rev. Stat. § 386-5.

Plaintiff's negligence claim is **DISMISSED WITH PREJUDICE.**

<u>**PLAINTIFF'S REQUEST FOR PUNITIVE DAMGES**</u>

> **A.    Punitive Damages Are Not Available Against Public Entities Pursuant to Title VII OF The Civil Rights Act**

In his original Complaint, Plaintiff sought punitive damages against the County of Kauai for his race discrimination claim pursuant to Title VII of the Civil Rights Act of 1964. (Complaint at p. 7, ECF No. 1). In the detailed Order filed on November 30, 2017, Plaintiff's request for punitive damages pursuant to his Title VII claim was dismissed with prejudice. (ECF No. 25).

Punitive damages are not available against the County of Kauai for Plaintiff's Title VII claim as a matter of law. <u>Souza v. Silva</u>, Civ. 12-00462 HG-BMK, 2014 WL 2452579, at *16 (D. Haw. May 30, 2014); <u>Lauer v. Young Men's Christian Ass'n of Honolulu</u>, 557 P.2d 1334, 1342 (Haw. 1976).

> **B.    Punitive Damages Are Not Available Against Public Entities Pursuant to the Americans With Disabilities Act and the Age Discrimination In Employment Act**

Punitive damages may not be awarded in suits brought against public entities under the Americans Disabilities Act or the Age Discrimination in Employment Act. <u>Barnes v. Gorman</u>, 536 U.S. 181, 189 (2002) (punitive damages are unavailable under the Americans with Disabilities Act); <u>Ahlmeyer v. Nevada Sys. of Higher Educ.</u>, 555 F.3d 1051, 1059 (9th Cir. 2009) (punitive

damages are unavailable under the Age Discrimination in Employment Act).

Plaintiff's First Amended Complaint does not provide a cause of action that would allow him to seek punitive damages against the County of Kauai.

Plaintiff's request for punitive damages against the County of Kauai is **DISMISSED WITH PREJUDICE.**

## CONCLUSION

The First Amended Complaint does not provide sufficient detail in terms of dates, names, or locations to allow the County of Kauai to defend itself. <u>Starr</u>, 652 F.3d at 1216.

A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint may not be cured by amendment. <u>Karim-Panahi v. Los Angeles Police Dept.</u>, 839 F.2d 621, 623 (9th Cir. 1988).

The Ninth Circuit Court of Appeals has held that the policy of "freely" permitting a party to amend "is to be applied with extreme liberality." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003).

Plaintiff filed his initial Complaint at the end of 2016. (ECF No. 1). After a Motion to Dismiss was filed against his Complaint, Plaintiff was granted three separate extensions to file his Opposition. (ECF Nos. 17, 18, 21). Plaintiff was then granted an extension to file his First Amended Complaint. (ECF No. 30). After the operative Motion to Dismiss was filed against

Plaintiff's First Amended Complaint, he was again granted two extensions to file his current Opposition. (ECF No. 40, 42).

Plaintiff has been informed that both his Complaint and First Amended Complaint lack particularity.

**If Plaintiff intends to file a Second Amended Complaint, Plaintiff is cautioned that it is necessary to remedy the deficiencies in his pleadings, as follows:**

**(1): <u>PLAINTIFF'S FEDERAL EMPLOYMENT DISCRIMINATION CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS ARE DISMISSED WITH PREJUDICE</u>**

The First Amended Complaint's claims against Defendants Asher and Brede are **DISMISSED WITH PREJUDICE.**

The First Amended Complaint's claims against Defendants Perry, Contrades, Quibilan, Balbarino and Wakamoto are **DISMISSED WITH PREJUDICE.**

Plaintiff is unable to assert federal employment discrimination claims against individual Defendants. Plaintiff is precluded from asserting such claims against the individual Defendants or any individual member of the Kauai Police Department pursuant to Title VII of the Civil Rights Act, the Americans With Disabilities Act, or the Age Discrimination in Employment Act in the Second Amended Complaint.

**(2): <u>PLAINTIFF'S CLAIMS AGAINST THE KAUAI POLICE DEPARTMENT ARE DISMISSED WITH PREJUDICE</u>**

Plaintiff's claims against the Kauai Police Department are

**DISMISSED WITH PREJUDICE.**

The Kauai Police Department is not a proper Defendant and shall not be named in the Second Amended Complaint.


**(3): <u>PLAINTIFF'S CLAIMS AGAINST THE COUNTY OF KAUAI ARE DISMISSED</u>**

The following causes of action against the County of Kauai are **DISMISSED <u>WITH LEAVE TO AMEND</u>:**

**<u>FIRST CAUSE OF ACTION</u>** for Failure to Accommodate in Violation of the Americans With Disabilities Act

**<u>SECOND CAUSE OF ACTION</u>** for Discrimination on the Basis of Age in Violation of the Age Discrimination in Employment Act

**<u>THIRD CAUSE OF ACTION</u>** for Disparate Treatment on the Basis of Race and Color in Violation of Title VII of the Civil Rights Act of 1964

**<u>FOURTH CAUSE OF ACTION</u>** for Hostile Work Environment in Violation of Title VII of the Civil Rights Act

**<u>FIFTH CAUSE OF ACTION</u>** for Retaliation in Violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans With Disabilities Act


The following causes of action against the County of Kauai are **DISMISSED <u>WITH PREJUDICE</u>** and may not be reasserted in the Second Amended Complaint:

**<u>SIXTH CAUSE OF ACTION</u>** for Negligence

**<u>REQUEST FOR PUNITIVE DAMAGES</u>** against the County of Kauai

Plaintiff may file a Second Amended Complaint curing the deficiencies of his claims against the Defendant County of Kauai on or before Tuesday, September 4, 2018.

Failure to timely amend and cure the pleading deficiencies noted herein will result in dismissal of this action with prejudice for failure to state a claim.


IT IS SO ORDERED.

DATED:    Honolulu, Hawaii, July 18, 2018.


Helen Gillmor
United States District Judge


Danny Lee Creamer v. County of Kauai; Kauai Police Department; Chief of Police, Darryl Perry; Deputy Chief, Michael Contrades; Assistant Chief, Alejandre Quibilan; Sergeant, Patrick Balbarino; Sergeant, Sandy Wakamoto; Lieutenant, Scott Brede; Assistant Chief, Roy Asher, Civ No. 16-00648 HG-KJM; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (ECF No. 37) WITH LEAVE TO AMEND**