IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DANNY LEE CREAMER, | ) | CIVIL NO. 16-00648 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| COUNTY OF KAUAI, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT COUNTY OF KAUAI'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF No. 52)**

Pro se Plaintiff Danny Lee Creamer, a former police officer with the Kauai Police Department, filed a Second Amended Complaint following the Court's dismissal of both Plaintiff's original Complaint and his First Amended Complaint.

The Second Amended Complaint again alleges that Plaintiff was discriminated against on the basis of his race, color, age, and disability. The allegations in the Second Amended Complaint are insufficient to state a claim upon which relief may be granted.

Defendant County of Kauai's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 52) is **GRANTED**.

**PROCEDURAL HISTORY**

On December 6, 2016, Plaintiff Danny Lee Creamer filed a COMPLAINT FOR EMPLOYMENT DISCRIMINATION. (ECF No. 1).

On June 1, 2017, Defendants filed a Motion to Dismiss

Plaintiff's Complaint. (ECF No. 13).

On November 30, 2017, the Court issue an Order dismissing Plaintiff's Complaint with leave to amend. (ECF No. 25).

On February 2, 2018, Plaintiff filed an Amended Complaint which also included in its title: "MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMEMDED COMPLAINT FOR (ECF NO. 13)" and "MOTION FOR LEAVE TO AMEND COMPLAINT". (ECF No. 31). The Court construed Plaintiff's filing as a First Amended Complaint.

On February 20, 2018, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 37).

On March 8, 2018, Plaintiff filed a pleading bearing the captions "PLAINTIFF'S PLEAD FOR AN EXTENSION TO FILE OPPOSITION TO THE MOTION TO DISMISS (ECF NO. 13)" and "MOTION FOR AN EXTENSION TO COMPLETE OPPOSITION TO THE MOTION TO DISMISS BY DEFENDANTS." (ECF No. 39). The Court construed Plaintiff's filing as a request for an extension of time to file his Opposition.

On March 16, 2018, the Court granted Plaintiff's first request for an extension of time to file his opposition. (ECF No. 40).

On April 9, 2018, Plaintiff again filed a pleading bearing the captions "PLAINTIFF'S PLEAD FOR AN EXTENSION TO FILE OPPOSITION TO THE MOTION TO DISMISS (ECF NO. 13)" and "MOTION FOR AN EXTENSION TO COMPLETE OPPOSITION TO THE MOTION TO DISMISS BY DEFENDANTS." (ECF No. 41). Once more, the Court construed

Plaintiff's filing as a request for an extension of time to file his Opposition.

On April 13, 2018, the Court granted Plaintiff's second request for an extension of time to file his opposition. (ECF No. 42).

On June 1, 2018, Plaintiff filed his Opposition. (ECF No. 43).

On June 13, 2018, Defendants filed a Reply. (ECF No. 44).

On July 18, 2018, the Court issued an ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND. (ECF No. 48). The Court dismissed all claims and permitted Plaintiff leave to amend as to his claims against only Defendant County of Kauai. (Id.)

On September 4, 2018, Plaintiff filed a document entitled, "COMPLAINT FILED ON DECEMBER 6, 2016 REVISED SEPTEMBER 4, 2018." (ECF No. 51). The Court construes the filing as Plaintiff's Second Amended Complaint.

On September 10, 2018, Defendant filed DEFENDANT COUNTY OF KAUAI'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT. (ECF No. 52).

On September 11, 2018, the Court issued a briefing schedule on Defendant County of Kauai's Motion to Dismiss. (ECF No. 53). The deadline for Plaintiff to respond was set for Friday, September 28, 2018. (ECF No. 53).

On September 27, 2018, Plaintiff filed a MOTION FOR AN EXTENSION TO COMPLETE OPPOSITION TO THE MOTION TO DISMISSAL BY

DEFENDANTS FOR PLAINTIFF'S SECOND AMENDED COMPLAINT. (ECF No. 54).

On September 28, 2018, the Court granted Plaintiff's request for an extension of time. (ECF No. 55). The Court extended Plaintiff's deadline to file an Opposition until Thursday, November 1, 2018.

Plaintiff failed to file a Opposition to Defendant County of Kauai's Motion to Dismiss his Second Amended Complaint.

## STANDARD OF REVIEW

A court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. Id. at 699. The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

In Bell Atl. Corp. v. Twombly, the United States Supreme

4

Court addressed the pleading standards under the Federal Rules of Civil Procedure in the anti-trust context. 550 U.S. 544 (2007). The Supreme Court stated that Rule 8 of the Federal Rules of Civil Procedure "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action," and that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court clarified that the principles announced in Twombly are applicable in all civil cases. 129 S.Ct. 1937 (2009). The Court stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949 (citing Twombly, 550 U.S. at 555). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id. (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 556). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of

5

'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

### A. Plaintiff's Pro Se Status

The Court construes Plaintiff's pro se pleadings liberally. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

The United States Supreme Court has instructed the federal courts to liberally construe the "inartful pleading" of pro se litigants. Id. (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam)).

### B. Plaintiff's Second Amended Complaint Fails To State A Claim Pursuant To Fed. R. Civ. P. 12(b)(6)

Allegations in a complaint may not simply recite the elements of a cause of action, but the complaint must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.

6

Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Factual allegations taken as true must plausibly suggest an entitlement to relief. Id.

Even liberally construed, Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted.

During the almost two years this case has been before the Court, the Court has exhaustively explained the deficiencies in Plaintiff's prior pleadings.

On November 30, 2017, the Court reviewed Plaintiff's Complaint. The Court issued an ORDER GRANTING COUNTY OF KAUAI, SCOTT BREDE, IN HIS OFFICIAL CAPACITY, AND ROY ASHER, IN HIS OFFICIAL CAPACITY'S MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND. (ECF No. 25). The Court identified the legal errors and the factual allegations that were deficient. The Court provided Plaintiff with leave to amend his Complaint to address the issues identified by the Court.

In his First Amended Complaint filed on February 2, 2018 (ECF No. 31), Plaintiff did not cure the deficiencies outlined by the Court.

On July 8, 2018, the Court again exhaustively explained the deficiencies in Plaintiff's First Amended Complaint. The Court issued an ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (ECF No. 48).

On September 4, 2018, Plaintiff filed his Second Amended

Complaint. (ECF No. 51). Plaintiff's Second Amended Complaint fails to cure the deficiencies explained by the Court in its two prior orders dismissing his complaints.

**First**, Plaintiff's conclusory allegations that he was discriminated against on the basis of disability are insufficient to state a claim pursuant to the Americans With Disabilities Act. <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998).

**Second**, Plaintiff's Second Amended Complaint lacks sufficient detail and specificity to support an Age Discrimination in Employment Act. <u>Diaz v. Eagle Produce Ltd. P'ship</u>, 521 F.3d 1201, 1207 (9th Cir. 2008).

**Third**, Plaintiff's race discrimination claim pursuant to Title VII of the Civil Rights Act is also not sufficiently pled. Plaintiff's Second Amended Complaint consists of only labels and conclusions, and a formulaic recitation of the elements of his cause of action for disparate treatment. <u>Twombly</u>, 550 U.S. at 555.

**Fourth**, Plaintiff's Second Amended Complaint is completely lacking in particularity with respect to Plaintiff's hostile work environment claim. There are almost no dates or locations of the alleged events, and no details as to severity, duration, intensity, or pervasive nature of these alleged incidents.

**Fifth**, there are insufficient facts to determine the timing of Plaintiff's protected activities for purposes of his retaliation claim. Plaintiff has failed to sufficiently allege a

8

causal link between his alleged protected activities and his alleged adverse employment action.

Plaintiff's Second Amended Complaint (ECF No. 51) is **DISMISSED**.

Defendant County of Kauai's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 52) is **GRANTED**.

**C.   Leave To Amend Would Be Futile**

Plaintiff has been given numerous extensions of time both to file amended complaints and to respond to the motions to dismiss:
- (1) Plaintiff was provided with **THREE** extensions of time to oppose the Defendants' first motion to dismiss. (ECF No. 21).
- (2) Plaintiff was provided an extension of time to file his First Amended Complaint. (ECF No. 30).
- (3) Plaintiff was provided **TWO** extensions of time to file his Opposition to Defendants' second motion to dismiss. (ECF No. 42).
- (4) Plaintiff was provided with **another** extension of time to file his Opposition to the current Motion. (ECF No. 55).

Despite the numerous extension of time, Plaintiff failed to file an Opposition to the Defendant County of Kauai's current motion to dismiss.

The case was filed nearly two years ago on December 6, 2016. Plaintiff has not been diligent in his pursuit of the case and he has regularly failed to comply with Court orders.

Plaintiff has already amended his complaint twice. Further amendment is not permitted as it is apparent that leave to amend would be futile and would be prejudicial to the Defendant. <u>Allen v. City of Beverly Hills</u>, 911 F.2d 367, 373 (9th Cir. 1990).

### CONCLUSION

Plaintiff's Second Amended Complaint (ECF No. 51) is **DISMISSED**.

Defendant County of Kauai's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 52) is **GRANTED**.

No further leave to amend is permitted as it would be futile.

The Clerk of Court is **ORDERED** to **CLOSE THE CASE**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 5, 2018.

Helen Gillmor
United States District Judge